# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

SHARON UMPLEBY,

    Plaintiff,

VS.

    7 : 10-CV-08 (HL)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on January 29, 2010, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence

preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed an application for Supplemental Security income benefits on January 24, 2007, alleging disability commencing on January 1, 2000. (T-74, 77). Her claims were denied initially and upon reconsideration. (T- 53-54, 79). A hearing was held before an ALJ in Thomasville, Georgia on June 25, 2008. (T-16). Thereafter, in a hearing decision dated July 17, 2008, the ALJ issued a decision unfavorable to the Plaintiff. (T- 13-27). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (T-4-6).

*Statement of Facts and Evidence*

The Plaintiff was thirty-two (32) years of age at the time of the ALJ's decision, and alleged disability since January 1, 2000, due to depression. (T- 23, 39). She has a ninth grade education and no past relevant work experience. (T- 74-77, 375). As determined by the ALJ, Plaintiff suffered from a severe impairment in the form of depression. (T-18). The ALJ found that the Plaintiff had the residual functional capacity to perform medium level work with certain limitations, and relying on the Medical-Vocational Guidelines as a framework and the testimony of a Vocational Expert, the ALJ found that Plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy and thus was not disabled. (T- 25, 26).

## DISCUSSION

In asserting that the Commissioner's decision that the Plaintiff is not disabled is not supported by

substantial evidence, the Plaintiff argues that the ALJ should have relied on the Grids to find the Plaintiff disabled, and that the ALJ failed to consider the combination of Plaintiff's impairments, issued improper observations regarding the Plaintiff's physical appearance and failed to develop the record regarding the side effects of Plaintiff's medications. The Plaintiff also attaches new evidence to her brief and asserts that this evidence merits a remand of this matter.

*Medical-Vocational Guidelines*

Application of the Grids is inappropriate when a claimant is incapable of performing the full range of work at a given exertional level or when a claimant suffers from severe non-exertional impairments that significantly impact his ability to perform basic work activities. *Syrock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985); *Swindle v. Sullivan*, 914 F.2d 222 (11th Cir. 1990). The Court notes initially that the ALJ did not rely on the dictates of the Grids, but used them as a framework for decision along with the findings of the Vocational Expert ("VE"), who found that the Plaintiff would be able to perform certain jobs. (T - 26). The ALJ properly relied on the VE's testimony and the Grids as a framework to determine that there were medium exertional level jobs which the Plaintiff could perform. The VE's testimony provided substantial evidence upon which the ALJ could rely to establish the existence of other jobs in significant numbers in the economy which the Plaintiff remained capable of performing.

To the extent that the Plaintiff alleges that her GAF scores support a finding of disability, the Court notes that the Plaintiff has not shown that her GAF score on a particular date in time is the equivalent to disability under the Social Security regulations, specifically in regard to establishing the existence of an impairment that is expected to last twelve or more continuous months.

*Combination of impairments*

The Plaintiff also appears to assert that the ALJ failed to consider her impairments in combination. "Where a claimant has alleged several impairments, the [Commissioner] has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled." *Jones v. Dep't. Of Health and Human Serv.*, 941 F.2d 1529, 1533 (11th Cir. 1991). The ALJ herein stated that the Plaintiff "does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4." (T - 20). This evidences consideration by the ALJ of the combined effect of the claimant's alleged impairments. *Jones,* 941 F.2d at 1533.

*Observations of physical appearance*

The Plaintiff alleges that the ALJ erred in noting her physical appearance during the hearing, as well as that of Plaintiff's husband, when the ALJ stated that the Plaintiff was "observed to be sunburned" and her husband was "observed to sport a heavy tan". (T - 22). Plaintiff argues that the ALJ erred in noting these conditions, "going outside the record but relying on this as being relevant, and prejudicial to claimant." ( Doc. 8, p. 5).

As the Commissioner points out, the ALJ is not prohibited from considering a claimant's appearance and demeanor during the hearing, as long as the ALJ's observations do not displace the other evidence. *Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987). Herein, there is no evidence or indication that the ALJ improperly relied on his observations regarding the Plaintiff's sunburn or her husband's suntan, nor is there any indication that the ALJ incorporated these observations into his ultimate decision denying disability status.

*Development of the record*

The Plaintiff contends that the ALJ failed to fully develop the record in regard to the side effects of her medications. The ALJ is charged with the duty of developing a full and fair record, meaning that the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts". *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The Court finds that the record was developed sufficiently to determine whether the ALJ's decision was supported by substantial evidence herein. The Plaintiff does not specify or point to any portion of the record in regard to side effects of her medication, but simply cites to the ALJ's duty to develop the record in general. (Doc. 8, p. 6). The ALJ did consider the Plaintiff's complaints that she had "lots of medication -induced naps" and that "her medication made her sleepy". (T - 22). However, the ALJ did not credit these complaints in his ultimate determination that the Plaintiff was not disabled, noting that Plaintiff cared for her 13 and 12-year-old children and her father, cleaned house, cooked, drove a car every 2 to 3 weeks and visited with her sister several times per week. *Id.* Moreover, the objective medical record does not support allegations that side effects of Plaintiff's medications interfered with her normal functioning. (T - 199-205, 340-344). Plaintiff's medical records from February 2007 forward reflect Plaintiff's difficulty sleeping, prescription sleep medications, and a lack of reports of sleepiness as a side effect of other medications. *Id.*

*New evidence*

Plaintiff has attached to her brief new evidence in the form of a letter dated March 4, 2010 from Lauren Clarke and Dr. Benjamin Akosa and asks that the Court consider the letter as evidence of Plaintiff's continued treatment for mental disorders. Additionally, the Plaintiff references additional evidence presented to the Appeals Council in the form of a letter dated August 14, 2008.

5

The ALJ's decision denying disability status was issued on July 17, 2008 and the Appeals Council denied review on November 27, 2009. The statement signed by Lauren Clarke and Dr. Benjamin Akosa and presented by the Plaintiff for the Court's review is dated March 4, 2010. This March 2010 statement is new evidence before this Court, never having been presented to the Appeals Council or in proceedings before the ALJ. Pursuant to Sentence Six of 42 U.S.C. § 405(g), the Court is empowered to remand a case to the Commissioner for consideration of material, new evidence if the Plaintiff can demonstrate good cause as to why it was not previously submitted. *Cherry v. Heckler*, 760 F.2d 1186 (11th Cir. 1985). In order to obtain a remand under Sentence Six, the Plaintiff must establish that: 1) there is new, noncumulative evidence; 2) the evidence is material in that there is a reasonable possibility that it would change the administrative result; and 3) there is good cause for failure to submit the evidence at the administrative level. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).[1]

The Plaintiff has failed to establish good cause for her failure to present the new evidence earlier in the administrative proceedings. The statement signed by Lauren Clarke and Dr. Benjamin Akosa is dated March 4, 2010, and was not issued until more than three (3) months after the unfavorable decision by the Appeals Council. Moreover, the statement does not appear to be

---

[1] In *Ingram v. Comm'r. of Social Security Admin.*, 496 F.3d 1253 (11th Cir. 2007), the Eleventh Circuit sought to clarify certain prior holdings in Social Security cases that addressed the consideration of new evidence. The court found that "we understand *Keeton [v. Dep't. of Health and Human Serv.*, 21 F.3d 1064 (11th Cir. 1994)] to hold that a decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of section 405(g)." The court further found that "[w]e understand *Falge [v. Apfel,* 150 F.3d 1320 (11th Cir. 1998*)*] to hold that when a claimant challenges the administrative law judge's decision to deny benefits, but not the decision of the Appeals Council to deny review of the administrative law judge, we need not consider evidence submitted to the Appeals Council."

material to the ALJ's decision that the Plaintiff remains capable of medium work. The letter states that the Plaintiff had a "gap in therapeutic services from October 2009 until March 2010" and that the Plaintiff should continue treatment for her mental disorders. (Doc. 8, Exh. A). The letter does not provide any specific confirmation that Plaintiff's treatment related to the conditions or the time period under consideration by the ALJ. *Id.*

Plaintiff also references evidence presented to and reviewed by the Appeals Council. New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. 20 C.F.R. § 404.970(b). A review of the evidence at issue, a letter dated August 14, 2008 from Behavioral Health Services describing Plaintiff's conditions and her inability to pay for certain evaluations, post-dates the ALJ's July 2008 decision and relies on medical records already in the record and considered by the ALJ. This letter is not accompanied by any professional medical interpretation regarding its relevance to Plaintiff's condition as it existed prior to July 2008. This letter from a social worker, who is not an "acceptable medical source" under the Social Security regulations, would not be entitled to the weight given a physician's opinion. 20 C.F.R. § 416.913. The August 2008 letter does not appear to be material to any change in the ALJ's decision. Thus, the Appeals Council did not err in its decision to deny review of the Plaintiff's case based on its consideration of the new evidence of the August 14, 2008 letter.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this

Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 1st day of March, 2011.

                                                        **s/ *THOMAS Q. LANGSTAFF***

                                                        **UNITED STATES MAGISTRATE JUDGE**

asb